722 A.2d 966 (1999)
318 N.J. Super. 13
Todd PFEIFFER, Plaintiff-Appellant,
v.
Sharon ILSON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1998.
Decided January 27, 1999.
*967 Lynn Fontaine Newsome, for plaintiff-appellant (Donahue, Braun, Hagan, Klein & Newsome, Short Hills, attorneys; Ms. Newsome and Debra S. Weisberg, on the brief).
Laurie A. Bernstein, Roseland, for defendant-respondent.
Before Judges LONG, KESTIN and CARCHMAN.
The opinion of the court was delivered by KESTIN, J.A.D.
Plaintiff appeals from the trial court's orders permitting defendant to move the parties' two minor children, ages eight and four, to Los Angeles, California; and denying, inter alia, plaintiff's motion for a transfer of physical custody pendente lite. The orders also established some terms governing plaintiff's visitation with the children.
The primary argument advanced on appeal is that the trial court erred in granting defendant's motion for permission to move the children without a plenary hearing to determine whether the standards of Holder v. Polanski, 111 N.J. 344, 544 A.2d 852 (1988), had been satisfied. See also Cooper v. Cooper, 99 N.J. 42, 491 A.2d 606 (1984); Winer v. Winer, 241 N.J.Super. 510, 515-21, 575 A.2d 518 (App.Div.1990). Plaintiff also argues that the trial court misapplied its discretion in denying his motion for pendente lite physical custody of the children; and that, "[p]ursuant to R. 5:3-3, an expert must be appointed ... to resolve the issue of custody."
We affirm substantially for the reasons articulated by Judge O'Connor in her comprehensive opinion disposing of all the issues raised by the parties, 318 N.J.Super. 52, 722 A.2d 986 (Ch. Div.1998). We add a word only to emphasize the holding that a plenary hearing is not necessary in every case where removal of children is at issue, but rather only where a prima facie showing has been made that a genuine issue of fact exists bearing upon a critical question such as the best interests of the children, interference with parental rights, or the existence of a good faith reason to move. Here, Judge O'Connor's analysis that no such issue genuinely existed was unflawed; therefore, she was able, appropriately, to apply the Holder criteria without the need for further factual development beyond that provided by the parties in the motion papers and on oral argument. As Judge O'Connor also suggested, it is problematic whether a legitimate removal controversy exists at all where the parent challenging the move has, himself or herself, relocated to a distant place. In the context of the circumstances in this case, we need not address that question, however.
Affirmed.