894 A.2d 711

JAMES SHEA, PLAINTIFF v. DORI SHEA, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Ocean County

Decided April 5, 2005.

*Jerome Turnbach,* for plaintiff (*Tomasik, Horn & Turnbach,* attorneys).

*Peter L. Bruso,* for defendant.

MILLARD, J.S.C.

This matter comes before the court on application of defendant seeking an order of removal, authorizing her to relocate with the minor child to the State of North Carolina. At issue are both prongs of the analysis under *Baures v. Lewis,* 167 *N.J.* 91, 770 *A.*2d 214 (2001); i.e., whether defendant has a good faith reason for the move and whether the move would be inimical to the child. Plaintiff raises an additional issue which appears to be of first impression. He asserts that defendant manipulated the intent of *Baures* by first settling the divorce, and immediately thereafter filing for removal, effectively depriving him of the opportunity to contest custody. Plaintiff asserts that he would never have acquiesced to the custodial settlement, joint custody with defendant as parent of primary residence, had he known that defendant was shortly thereafter going to seek an order for out of-state removal.

Defendant's request for removal was filed three months after the parties entered into a negotiated divorce settlement, which called for joint legal custody, and while establishing defendant as the parent of primary residence, provided substantial and regular parenting time to plaintiff.

Defendant filed her removal application on October 20, 2004, which was initially heard by the court on motion on December 10, 2004. An order was entered directing the parties to file supplemental briefs addressing the statutory custody criteria and the relevant issues in a *Baures* analysis, which motion was ultimately heard on January 13, 2005. The court issued a decision on January 25, 2005. The matter was returned to the court on Motion for Reconsideration, heard April 1, 2005.

Procedurally, post-judgment removal actions should be initially addressed by motion. A plenary hearing is not necessary in every case where removal of children is at issue. *Pfeiffer v. Ilson*, 318 *N.J.Super.* 13, 722 *A.2d* 966 (App.Div.1999). Only where a prima facie case for removal has been made, and there exist genuine issues of material fact bearing upon a critical question, is a plenary hearing necessary. *Id.* at 14, 722 *A.2d* 966.

*Baures, supra* the leading case governing removal hearings, integrates the Court's earlier decisions in *Holder v. Polanski*, 111 *N.J.* 344, 544 *A.2d* 852 (1988), and *Cooper v. Cooper*, 99 *N.J.* 42, 491 *A.2d* 606 (1984), and provides a blueprint for courts to conduct these difficult proceedings. The first step in the *Baures* removal analysis is to determine the nature of the existing custodial relationship. Where the parties are exercising true, shared joint custody, the court is required to undertake the more stringent "best interests" analysis applicable to a change of custody application. *Baures, supra*, 167 *N.J.* at 115, 770 *A.2d* 214. Conversely, where the party seeking removal already exercises primary custody, his or her burden is to establish, (1) a good faith reason for the move and (2) that the move is not inimical to the child's interests. The burden then shifts to the parent of alternate residence to produce evidence in opposition to the move. *Id.* at

118, 770 *A*.2d 214. The later test differs from a traditional custody determination, in that a parent's interests are more closely considered. In *O'Connor v. O'Connor*, 349 *N.J.Super.* 381, 793 *A*.2d 810 (App.Div.2002), the court clarified the procedures for a trial court in determining which of the two standards should be utilized, if there is a dispute as to whether there is a true shared parenting arrangement.

In the present case, the parties settled their litigation on June 8, 2004, signed a property settlement agreement and proceeded uncontested on their divorce. The agreement incorporated a *pendente lite* parenting agreement entered into in January, which provided for joint legal custody, with defendant designated as parent of primary residence. Plaintiff received parenting time on alternating weekends, Friday through Sunday, Wednesday overnights, two weeks in the winter, one week in the summer, and half of the holidays. The Judgment of Divorce was filed with the court on July 12, 2004. While plaintiff seeks a determination that the best interests of the child, change-of-custody standard be utilized, there is no dispute that defendant is effectively exercising primary custody. Accordingly, in analyzing the case according to *O'Connor, supra,* the *Baures* removal criteria would appear to apply.

Plaintiff asserts that he settled the issue of custody and waived his right to seek to be the primary custodial parent based upon specific terms of the settlement which were reached, most importantly, substantial and regular parenting time. He asserts that the custody negotiations by defendant were a subterfuge in that she planned to seek removal shortly after the divorce was entered. By settling custody, with defendant being designated primary custodial parent, plaintiff asserts he would be denied the right to later contest custody during a removal hearing, effectively manipulating the intent of *Baures*. Plaintiff's assertion of how a litigant could manipulate the procedures for removal is not without merit. Current case law does not address such a circumstance.

Defendant denies any manipulative purpose. Here, defendant's primary reason for relocation is that her mother recently moved to

North Carolina. Secondarily, she indicates that it is generally more economical to live there, with a better quality of life. Defendant's mother moved to North Carolina in March 2004, three months prior to the divorce being settled. Defendant does assert in oral argument that the death of a friend in August was a catalyst to her decision to relocate. However, there are no material facts, circumstances or events cited in defendant's certification that occurred subsequent to the divorce that form the good faith reason for the removal. The principal facts and circumstances applicable to the removal action appear to have been cognizable at the time of the entry of the Final Judgment of Divorce. Plaintiff did have a right to contest custody in the divorce litigation, which he asserts he waived in reasonable reliance on the settlement of the parties. Irrespective of whether defendant's timing in filing for removal shortly after the divorce was calculated or coincidental, it has the same impact on plaintiff. He is denied the right to contest custody which he would have had of right at the divorce hearing, and would be required to litigate the removal action under the *Baures* criteria.

It seems only fair and equitable, that where a request for removal comes shortly after the settlement of the Final Judgment of Divorce, and the material facts and circumstances forming the good faith reason for the removal request were known at the time of the entry of the final judgment, a party opposing the removal be entitled to contest custody under the best interests analysis, irrespective of whether the parties had a true shared parenting arrangement. In effect, the party opposing removal is restored to the position he or she held prior to the Final Judgment of Divorce. To rule otherwise could potentially encourage disingenuous settlements, encourage a party to use the *Baures* line of cases as a sword, or alternatively compel a cautious party to exhaustively litigate custody when not truly necessary. The moving party must, of course, initially make out a prima facie case for removal under *Baures* (good faith reason for removal and not inimical to

interests of child) before the court would entertain such a custodial application.

In the instant case, the parties were married in 1992 and divorced in 2004. Plaintiff, thirty-nine years of age, is self-employed and operates a sprinkler installation and service business. The business requires long hours in the spring and summer and less intensive hours in the off season. The nature of the business makes his potential relocation impractical or irrelevant. Defendant, thirty-seven, does not work, and receives an alimony stipend designed to allow her to live at the marital standard of living.

The child of the relationship is eight years old. She was born with significant congenital medical issues that require regular treatment with an urologist and a pediatric endocrinologist. She requires daily medication, has a compromised immune system, has already had one gynecological surgery, and will need a second surgery in the future. The child has these specialists in place here in New Jersey and their availability in North Carolina is contested by the parties. There are significant medical and potential psychological issues which implicate the best interests of this child. This is compounded by the fact that since the breakup of the marriage plaintiff and defendant have had a litigious, if not an outright hostile, relationship. Plaintiff provides significant information regarding the child's medical condition, the animosity of the parties concerning the viability of long-distance parenting time, the inevitable impact on his relationship with the child and the lack of a real or valid reason for the relocation. Many of these issues are directed at the second prong of the *Baures* analysis, which as well is hotly contested by the parties.

Under a *Baures* analysis, the court is required to review the moving parties' papers for the existence of a prima facie case establishing, (1) a good faith reason for removal, and (2) that the move is not inimical to the child. There must be some minimal showing of what constitutes a good faith reason for removal, assuming a litigant is not going to advance a patently bad faith

reason in their papers. The court agrees that defendant has met that minimal burden with her desire to relocate near her mother and other family members in North Carolina. The court specifically does not find that the other rationales advanced, general economic benefit and generic quality of life, are good faith reasons for removal under the facts of this case. Here defendant is being fully supported with an alimony award and child support in an amount in excess of $40,000/year, designed to support her in the marital standard of living. She does not work. Likewise there is no other rationale for the removal, such as, economic relocation due to one's employment, business relocation, remarriage to a spouse who has relocated, military reassignment, or health related relocation. Such generic assertions, that it is more economical to live, and the quality of life is "better," in North Carolina, do not constitute prima facie good faith reasons for removal, justifying the inevitable impact on the other spouse's parental rights.

The court finds that the defendant has established a prima facie case for removal predicated upon her desire to relocate near her family in North Carolina. Her pleadings likewise make a prima facie case that the move will not be inimical to the child. The difficulty becomes assessing that prima facie case in the face of plaintiff's responsive certifications that provide substantial facts and circumstances in direct opposition. Irrespective of how compelling the argument, where there are conflicting certifications of material issues of fact, a decision cannot be rendered on an issue as crucial as removal without a plenary hearing. Here the certifications are at variance on almost every factual issue.

Defendant is entitled to a plenary hearing on the issue of relocating to the State of North Carolina. Likewise, plaintiff has the right to establish that the *Baures* removal procedures were manipulated by defendant in filing her removal action shortly after entry of the Final Judgment, when the issue could have been joined in the divorce litigation. If proven, fundamental fairness would require that plaintiff be restored to the position he was at in terms of litigating custody, at the time that the final judgment was

entered. Under such circumstances, the court would utilize the best interests of the child, custody standard, in lieu of the *Baures* criteria. Such a determination would fairly enable each party to litigate this most important issue in their lives and the life of their child under the circumstances of this case.