NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 17-3290

KARL HAGBERG, for himself and as parent of E.H., A.H. and C.H.;
ZIA SHAIKH, for himself and as parent of M.S., S.S., and H.S.

v.

STATE OF NEW JERSEY; GOVERNOR OF NEW JERSEY;
ATTORNEY GENERAL NEW JERSEY; MICHELLE M. SMITH;
STUART RABNER

Zia Shaikh,
        Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 3:16-cv-01189)
District Judge: Honorable Brian R. Martinotti

Submitted under Third Circuit L.A.R. 34.1(a)
on July 13, 2018

Before: SHWARTZ, ROTH and RENDELL, *Circuit Judges*

(Opinion filed: October 16, 2018)

**RENDELL**, *Circuit Judge*:

This appeal arises from the District Court's grant of a motion to dismiss Appellant Zia Shaikh's amended complaint with prejudice.[1] Shaikh filed an amended complaint against the State of New Jersey, the Governor of New Jersey, the Attorney General of New Jersey, the Clerk of the New Jersey Superior Court, and the Chief Justice of the New Jersey Supreme Court (Collectively, the "State"). Shaikh challenged the constitutionality of the New Jersey custody dispute framework by arguing that it limits his fundamental right to care for and nurture his children and restricts his ability to be heard at a plenary hearing.[2]

The State moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The District Court granted the State's motion and dismissed Shaikh's amended complaint with prejudice. For the following reasons, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] This case is listed as *Hagberg v. New Jersey*, but Karl Hagberg, who was involved in the initial lawsuit, failed to make a timely appeal pursuant to Fed. R. App. P. 4(a)(1)(A) and (a)(3). Hagberg also did not appeal the District Court's January 3, 2018 order denying his motion for an extension of time to appeal. Thus, we cannot and do not consider Hagberg's claims on appeal.

[2] In New Jersey family courts, a plenary hearing is held under certain circumstances when a judge is considering a motion by one of the parties.

# I. BACKGROUND

### A. Facts

In October of 2013, Appellant Zia Shaikh filed for divorce from Laura Germandig-Shaikh ("Germandig"). Together, Shaikh and Germandig had three children. On April 2, 2014, Germandig moved to evict Shaikh from the home and obtain full custody of their children.

On April 23, 2014, Germandig's counsel appeared in New Jersey family court for a case management conference, but Shaikh had not been notified of the conference and his counsel did not attend. During this conference, Germandig's counsel applied for an order to show cause for full custody of the children, and submitted an affidavit accusing Shaikh of verbal harassment and physical abuse of one of his daughters. The family court issued the order, which granted Germandig sole legal and physical custody, and prohibited Shaikh from entering the home. Shaikh alleges that the family court order was granted based on Germandig's concern that he "may try to take the children."[3] A. 33-34.

On June 13, 2014, the New Jersey family court heard oral argument on Germandig's motion. Shaikh appeared *pro se* and denied the allegations of child abuse and Germandig's assertion that he was a Pakistani national planning to flee the country. At this hearing, the family court: (1) awarded Germandig full physical custody; (2)

---

[3] Shaikh claims that the family court terminated his custody in large part because Shaikh was born in Pakistan (even though he is a naturalized United States citizen who has been living in the U.S. for 26 years) and claims that the court accepted the argument that because of his national origin, Shaikh posed a risk of abducting his children and taking them to a foreign country.

suspended Shaikh's parenting time with his daughter indefinitely; (3) allowed Shaikh two short visits each week with his other two children, but no overnight visits; (4) stated Shaikh and Germandig would mediate the issue of custody; (5) ruled that Shaikh could request a plenary hearing if no custody agreement was reached; (6) ordered Shaikh to attend anger management; and (7) ordered Shaikh to turn over a variety of documents including his passport. Shaikh failed to comply with these directives, and in August of 2014, the family court suspended all of his parenting time.

On December 12, 2014, the family court denied Shaikh's request for joint legal custody because he "had not shown changed circumstances." A. 35. About a year later, in December of 2015, the family court denied Shaikh parenting time with one child but awarded him nine-and-a-half hours of supervised parenting time per week with his other two children. In opposition, Shaikh claims these orders were entered "without a plenary hearing and without any finding of abuse or neglect." *Id.*

### B. Procedural History

Shaikh filed a four-count complaint in the United States District Court for the District of New Jersey against the Honorable Marlene Lynch Ford, the Superior Court Judge presiding over his custody dispute. Judge Ford moved to dismiss the case. Shaikh opposed Judge Ford's motion to dismiss and cross-moved to file an amended complaint. The District Court granted Judge Ford's motion to dismiss and granted Shaikh's cross-motion to amend as long as the claims asserted against Defendant Judge Ford were omitted.

4

Following the District Court's order, Shaikh filed an amended complaint against the State. In the complaint, Shaikh stated the following four claims: (1) that he was deprived his parental rights without a hearing; (2) that the New Jersey family court custody dispute framework violates the U.S. Constitution by resolving custody disputes between parents using the "best interests of the child" standard instead of the "exceptional circumstances" standard, and also by using a "preponderance of the evidence" standard of proof instead of a "clear and convincing evidence" standard; (3) that the State violated the Equal Protection Clause in custody disputes between parents by using the "best interests" standard instead of the "exceptional circumstances" standard by favoring mothers over fathers, by not providing counsel to indigent parents, and by not attempting to reunite families; and (4) that Shaikh was entitled to a declaratory judgment because "fundamental rights, including parental rights, may not be taken away without due process." A. 70-79. The State moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The District Court granted the State's motion and dismissed Shaikh's amended complaint with prejudice. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). We must accept all pled allegations as true and draw all reasonable inferences in favor of the plaintiff. *McGovern v. City of Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009).

## III. DISCUSSION

Shaikh raises three issues on appeal: (1) whether the New Jersey family court's use of the "best interests of the child" standard in deciding custody disputes between two parents was proper; (2) whether the standard of proof used in custody disputes between parents should be "preponderance of the evidence" rather than by "clear and convincing evidence"; and (3) whether family court litigants should be entitled to plenary hearings as a matter of due process, so that the court should be enjoined from denying such hearings in the future.[4]

### A. The Best Interests Standard is the Correct Standard for Resolving Custody Disputes Between Parents.

The District Court stated that there is a fundamental difference between a custody dispute involving two parents and a custody dispute involving one parent and the State. For example, when a custody dispute is between two parents, each is "presumed to be equally entitled to custody." *Watkins v. Nelson*, 748 A.2d 558, 568 (N.J. 2000). This is because each parent has a fundamental right to care for and nurture their children. *Sacharow v. Sacharow*, 826 A2d 710, 721 (N.J. 2003); *see also Troxel v. Granville*, 530 U.S. 57, 69 (2000) (noting "the traditional presumption that a fit parent will act in the best interest of his or her child."). In contrast, custody disputes involving one parent and the State differ because in those situations, the parent is the only party presumed to be entitled to custody. *Watkins*, 748 A.2d at 568. In those situations, a court cannot deprive a parent of his or her fundamental right to care for and nurture their child without showing

---

[4] Shaikh did not appeal the District Court's order, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismissing his equal protection claim for a lack of standing.

proof of gross misconduct, abandonment, unfitness, or the existence of exceptional circumstances. *Id.* at 559. Thus, in a custody dispute, the parties involved will dictate the standard a family court must use to determine which party will be awarded custody. *Id.* at 568.

Here, the custody dispute was between two parents. Thus, each has a fundamental right to care for and nurture their children and neither's right is greater than the other's. *Sacharow*, 826 A.2d at 721. In these situations, the best interests standard is the correct standard a family court judge should use to make a reasonable decision as to which of the parents will be awarded custody.[5] *Reno v. Flores*, 507 U.S. 292, 303-04 (1993). The District Court correctly concluded that this standard does not limit a parent's fundamental right to parenthood because, "by submitting their [custody] dispute to the court, it is the parties themselves who essentially seek the impairment of each other's rights." *Sacharow*, 826 A.2d at 721. Thus, using the best interests standard allows each parent the opportunity to rebut the other's presumption that entitles them to custody of the children. *See Watkins*, 748 A.2d at 568.

Since this dispute was between two parents, the District Court correctly upheld the family court's use of the best interests of the child standard when determining which parent would gain custody of the children.

---

[5] The best interests standard allows a family court judge to weigh a variety of factors when making a custody determination between two parents. Some of those factors include: the child's needs, the parents' ability to cooperate in matters relating to the child, the interaction and relationship between the child and his or her parents and siblings, the history of domestic violence, the fitness of the parents, the parents' employment responsibilities, and the stability of the home environment. N.J. Stat. Ann. § 9:2-4(c).

7

**B. Preponderance of the Evidence is the Proper Standard of Proof in Custody Disputes Between Parents.**

Shaikh argues that the family court erred by using a preponderance of the evidence standard of proof to resolve his custody dispute rather than a clear and convincing evidence standard. Shaikh argues that the family court should require clear and convincing evidence even in disputes between two parents, if the court is awarding one of the parents less than equal custody.

The U.S. Supreme Court has determined that a State cannot terminate parental rights without "clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745 (1982). However, in *Santosky* the custody dispute was between one parent and a third party, not two parents. *Id.* In such situations, courts should apply the heightened clear and convincing standard. This standard applies in order to protect individuals who are engaged in government-initiated proceedings, in which the outcome could threaten the individual involved with a "significant deprivation of liberty or 'stigma.'" *Id.* at 756. Courts follow this heightened standard because of the vast resources afforded by the State and the potential result of a parent's complete and irrevocable loss of parental rights. *Id.* at 761-63 (citation omitted).

In contrast, the result of a custody dispute between two parents does not result in the complete and irrevocable loss of parental rights or involve a vast disparity in litigation resources between the parties. *Hand v. Hand*, 917 A.2d 269, 271 (N.J. Super. Ct. App. Div. 2007). Thus, an order establishing a custody arrangement between parents is

inherently temporary, since it can always be modified on a showing of changed circumstances. *Id.*

Shaikh alleges that the clear and convincing evidence standard is appropriate because there is no difference between a custody dispute involving two parents and one involving one parent and the State. However, as the District Court correctly stated, Shaikh "failed to cite any controlling precedent to support [his] argument that courts should apply the same standard of review in custody disputes between parents that is applied when a third party seeks to interfere with a parent's rights." A. 16. He also fails to cite any such cases before us. The District Court concluded that the limitations placed on Shaikh's custody were not "final and irrevocable" deprivations of rights that would require the Court to apply a clear and convincing evidence standard. *Santosky*, 455 U.S. at 759. In addition, the preponderance of the evidence standard is appropriate when both parties have an equal risk of error, which is the case in custody disputes between two parents. *Id.* at 755.

Therefore, the District Court was correct to apply the preponderance of the evidence standard over the clear and convincing standard because Shaikh's custody dispute was between two parents.

**C.  Family Court Litigants Are Not Entitled to a Plenary Hearing as a Matter of Course and Cannot Enjoin Future Denials of Such Hearings.**

Shaikh challenges the constitutionality of New Jersey's custody dispute framework under the Due Process Clause of the Fourteenth Amendment. He argues that he suffered a violation of his due process rights under the Fourteenth Amendment

because the New Jersey family court has the ability to modify his custody arrangement without holding a plenary hearing.

First, Shaikh brings a facial challenge. A facial challenge "tests a law's constitutionality based on its text alone and does not consider the fact or circumstances of a particular case." *U.S. v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). Here, the New Jersey law provides family court litigants with the opportunity for a plenary hearing on custody issues at various stages of litigation. *See, e.g.*, N.J. Ct. R. 4:67-5; N.J. Ct R. 1:6-2(f); N.J. Ct. R. 5:8-6. Its Court rules state that before a plenary hearing will be held, a party must make a *prima facie* showing that there is a genuine issue of material fact that would warrant a hearing; otherwise, judges can decide the matter without a hearing. *See Hand*, 917 A.2d at 271.

In order for Shaikh to meet the heavy burden associated with facial challenges he "must establish that no set of circumstances exists under which the [challenged policy] would be valid." *U.S. v. Salerno*, 481 U.S. 739, 745 (1987). Essentially, Shaikh argues that in every single custody dispute, due process requires a plenary hearing.  That is not the case. *See Pfeiffer v. Ilson*, 722 A.2d 966, 967 (N.J. Super. Ct. App. Div. 1999) (finding that "a plenary hearing is not necessary in every case"). For these reasons, we affirm the District Court's decision denying Shaikh's facial challenge of the New Jersey custody dispute framework.

Additionally, Shaikh asks for injunctive and declaratory relief seeking to prevent the family court from denying his plenary hearing requests in future custody proceedings. This would require the federal District Court to exert control over the New Jersey family

10

court's day-to-day operations. *O'Shea v. Littleton*, 414 U.S. 488, 500-01 (1974). Here, the District Court concluded that it is not the job of the federal court to sit in constant supervision of the New Jersey family court, which would essentially "transform federal courts into family courts."*Brittain v. Hansen*, 451 F.3d 982, 995 (9th Cir. 2006). Thus, the District Court was correct to deny Shaikh injunctive and declaratory relief.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order.