**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0548-19T2

J.C.,

    Plaintiff-Appellant,

v.

J.B.,

    Defendant-Respondent.

_____

Argued telephonically March 30, 2020 –
Decided May 27, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-0179-20.

Ronald Glenn Lieberman argued the cause for appellant (Adinolfi, Molotsky, Burick & Falkenstein, PA, attorneys; Ronald Glenn Lieberman, on the briefs).

Thomas J. Belitza argued the cause for respondent (Musulin Law Firm, LLC, attorneys; Thomas J. Belitza, on the brief).

PER CURIAM

In this post-divorce matter, plaintiff J.C. appeals the Family Part order modifying the child custody arrangement she shared with defendant J.B. due to changed circumstances, without a plenary hearing.[1] We affirm because we conclude there was no genuine dispute of material facts requiring a plenary hearing, and the modification was in the best interests of the parties' son, Jude, in accordance with N.J.S.A. 9:2-4.

After a brief two-year marriage, the parties were divorced in July 2014. The final judgment of divorce incorporated a Marital Settlement Agreement (MSA), providing it was in the best interests of Jude for the parties to have joint physical custody. The MSA states, "[Jude] will reside four consecutive nights with [plaintiff] and three consecutive nights with [defendant]." It further provides: "[Plaintiff] shall have four overnights per week, and [defendant] shall have three overnights per week. . . . [Jude] will attend school where [plaintiff] resides. . . . Both parents agree to meet halfway between their residences to drop off and pick up [Jude] from visitation."

Following the divorce, plaintiff moved to Cherry Hill while defendant moved to Gillette Township, about a ninety-minute drive to plaintiff's home.

---

[1] We use initials and pseudonyms to protect the privacy of the child. R. 1:38-3(d)(13).

A-0548-19T2

When J.B. entered half-day kindergarten, attending the afternoon session, defendant's parenting time started Friday at 3:30 p.m. and ended Monday afternoon at 12:45 p.m. when he would drop Jude off at school.

In the months leading up to September 2019, plaintiff sought to alter the parenting schedule because Jude would be in the first grade for the full school day. Plaintiff believed it was unfeasible for defendant to take Jude to school for the 9:00 a.m. start time on Mondays after having him for the weekend. She also had misgivings concerning the fairness of defendant having Jude every weekend, which also caused Jude to miss weekend extracurricular activities near her home. To assuage plaintiff's concerns, defendant advised plaintiff he was relocating to Cherry Hill before Jude started the first grade. The parties, however, were unable to resolve Jude's custody arrangements.

Plaintiff consequently filed a motion to modify the MSA "so that [d]efendant has every other weekend from 3:30 PM on Friday until 4 PM on Sunday, with no overnights during the week for [d]efendant, along with 3-day weekends, alternating Winter and Spring school breaks, and dividing summers equally" and "each party will drive one way to pick up the minor child at the start of that party's parenting time." Plaintiff also requested a plenary hearing and discovery if the motion was opposed, and counsel fees and costs. Plaintiff

A-0548-19T2

claimed defendant's parenting time would not be reduced because he could supplement his reduction in weekends and Monday mornings with parenting time during the day on weekdays, and a majority of three-day weekends.

Defendant cross-moved seeking to deny the relief requested in plaintiff's motion and to enforce the MSA's provision requiring binding arbitration. In the alternative, defendant sought to: (1) enforce joint physical custody; (2) enforce the child sharing arrangement including pre-vacation parenting time; (3) enjoin plaintiff from unilaterally choosing Jude's extracurricular activities; (4) enjoin plaintiff from discussing issues relating to parenting time, custody, and parental decision making with Jude; (5) require the parties to abide by the Children's Bill of Rights;[2] (6) appoint a parenting coordinator; and (7) assign counsel fees and costs.

In the afternoon, following oral argument earlier that morning, the trial judge placed her decision on the record. Relevant to the issues on appeal, the judge found there were changed circumstances as Jude was now a full-time

---

[2] "The Children's Bill of Rights' is an order, widely used in divorce matters by the Family Part in the southern vicinages. The order lists twelve principles applicable to custody disputes, including that the children would not be asked to 'chose sides' between the parties, not be told about the court proceedings, not be told 'bad things' about the other parent and 'not to be made to feel guilty for loving both parents.'" Div. of Youth & Family Servs. v. J.D., 417 N.J. Super. 1, 11 n.4 (App. Div. 2010).

A-0548-19T2

elementary school student and defendant had relocated to Cherry Hill. The judge stated:

> [T]he [c]ourt finds that modifying the [MSA] such that the parties can have the joint physical custody as they had stated in the [MSA] is certainly in the best interests of this young child so that he can enjoy quality time with and continue his quality time as the [L]egislature envisioned and has stated with both parents. It's certainly always in the best interests of the children.

The judge ordered a new parenting plan increasing defendant's parenting time from six overnights out of every fourteen nights to seven overnights out of every fourteen nights.

The judge denied both parties' request for attorneys' fees and costs under Rule 5:3-5 based on:

> The ability of the parties to pay, you know, they'll have to pay their respective counsel. As I said, it's not going to be easy. The reasonableness and good faith positions advanced by the parties and the results obtained, I think that both parties prevailed in some respects and lost in other respects and the positions were certainly not brought in bad faith.

When plaintiff reiterated her request for a plenary hearing, the judge remarked:

> The [c]ourt does not find that here's a genuine issue of material facts in this case warranting the necessity of a plenary hearing. The [MSA] clearly indicates that the parties agree that it's in the best interests of the child

5

that both parents have joint physical custody and there was a material -- there was a change in circumstance as the [c]ourt explained for both individuals and, therefore, the [c]ourt put into place a parenting plan schedule that accomplishes both parents having joint physical custody.

Plaintiff appealed.[3]

II

Before us, plaintiff argues the trial judge failed to state findings of fact and apply those facts to the best interests test required by N.J.S.A. 9:2-4(c) in determining parenting time disputes. Plaintiff also contends the judge's finding of changed circumstances to modify parenting time without a plenary hearing amounts to a lack of due process because there is a disputed fact regarding defendant's residence in Cherry Hill. She asks this court to remand the decision to a different judge "in an excess of caution" to avoid any potential prejudice. We are unpersuaded.

We first address plaintiff's contention that a plenary hearing should have been held. We look to Segal v. Lynch, 211 N.J. 230, 264-65 (2012), where our Supreme Court held:

[A] plenary hearing is only required if there is a genuine, material and legitimate factual dispute. See, e.g., Lepis v. Lepis, 83 N.J. 139, 159 (1980) (holding

---

[3] Plaintiff's request to stay the order was denied by the trial judge and this court, both on an emergent motion application and on our regular motion calendar.

A-0548-19T2

that "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary"); Faucett v. Vasquez, 411 N.J. Super. 108, 128 (App. Div. 2009) (explaining that party's "conclusory certifications" are insufficient to warrant plenary hearing in child custody dispute), certif. denied, 203 N.J. 435 (2010); Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007) (explaining that hearing is required only when there "is a genuine and substantial factual dispute"); Pfeiffer v. Ilson, 318 N.J. Super. 13, 14 (App. Div. 1999) (holding that plenary hearing is only required in child removal cases upon prima facie showing that genuine issue of fact exists bearing upon critical question); Dunne v. Dunne, 209 N.J. Super. 559, 571–72 (App. Div. 1986) (concluding that hearing is only required if there are credibility issues and "diverse factual contentions").

A judge's decision not to conduct a plenary hearing is reviewed on an abuse of discretion standard. Hand, 391 N.J. at 111-12; see also Lepis, 83 N.J. at 159 ("Courts should be free to exercise their discretion to prevent unnecessary duplication of proofs and arguments.").

Based upon the motion record, we conclude the judge did not abuse her discretion in deciding to modify child custody and parenting time without a plenary hearing. Plaintiff's certification in support of her motion to modify custody relied on the assertion that defendant resided in Gillette Township, an approximately ninety-minute drive from Jude's school. To refute this assertion, defendant certified he relocated to Cherry Hill near Jude's school and provided

a copy of a lease for a condominium. The lease was in defendant's business's name, which is consistent with messages he sent to plaintiff explaining that his personal credit score was too low to obtain an apartment. Plaintiff's assertion the apartment was a "crash pad" and not defendant's true residence was a conclusory testament without any factual support.

We do not consider plaintiff's contentions that defendant filed two lawsuits using his Gillette Township address or that Jude is being threatened by the mob because they were not presented to the trial judge. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (holding there is no appellate review of issues not raised before the trial court "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest"). Moreover, they are self-serving conclusory statements without any credible evidential support. Plaintiff has therefore not made a prima facie showing that a plenary hearing was necessary to resolve the child custody arrangement because defendant relocated to Cherry Hill to facilitate more parenting time with Jude.

Moving to the merits of trial judge's order, we first identify the principles that guide our analysis. "The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court

are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Deference is particularly appropriate with respect to credibility determinations based on witness testimony, since the court has the ability to see and hear witnesses, and, due to "the family courts' special jurisdiction and expertise in family matters." Id. at 412-13. Thus, "we 'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or . . . determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412).

"The touchstone for all custody determinations has always been 'the best interest[s] of the child.'" Faucett, 411 N.J. Super. at 118 (quoting Kinsella v. Kinsella, 150 N.J. 276, 317 (1997)). "Custody issues are resolved using a best interests analysis that gives weight to the factors set forth in N.J.S.A. 9:2-4(c)." Hand, 391 N.J. Super. at 105. The statute requires that

> [i]n making an award of custody, the court shall consider but not be limited to the following factors: the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to

accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children.

[N.J.S.A. 9:2-4(c).]

When "the parents cannot agree to a custody arrangement, the court may require each parent to submit a custody plan which the court shall consider in awarding custody." N.J.S.A. 9:2-4(e). Lastly, when making "any custody arrangement not agreed to by both parents," the "court shall specifically place on the record the factors which justify" its order. N.J.S.A. 9:2-4(f).

"[T]he decision concerning the type of custody arrangement [is left] to the sound discretion of the trial court[.]" Nufrio v. Nufrio, 341 N.J. Super. 548, 555 (App. Div. 2001) (second and third alteration in original) (quoting Pascale v. Pascale, 140 N.J. 583, 611 (1995)). Therefore, on appeal "the opinion of the

trial judge in child custody matters is given great weight . . . ." Terry v. Terry, 270 N.J. Super. 105, 118 (App. Div. 1994) (citations omitted).

Applying these principles, we agree with plaintiff the parenting time modification sought here is subject to the best interests test outlined in N.J.S.A. 9:2-4. However, we disagree with plaintiff's contention a remand is necessary because the trial judge failed to state findings of fact and consider those facts as required by Rule 1:7-4 in applying to the best interests test.

N.J.S.A. 9:2-4(c) and (f) provide:

> In any proceeding involving the custody of a minor child, the rights of both parents shall be equal and the court shall enter an order which may include:
>
> c. Any other custody arrangement as the court may determine to be in the best interests of the child.
>
> In making an award of custody, the court shall consider but not be limited to the following factors: the parents' ability to agree, communicate and cooperate in matters relating to the child; the parents' willingness to accept custody and any history of unwillingness to allow parenting time not based on substantiated abuse; the interaction and relationship of the child with its parents and siblings; the history of domestic violence, if any; the safety of the child and the safety of either parent from physical abuse by the other parent; the preference of the child when of sufficient age and capacity to reason so as to form an intelligent decision; the needs of the child; the stability of the home environment offered; the quality and continuity of the child's education; the fitness of the parents; the geographical

proximity of the parents' homes; the extent and quality of the time spent with the child prior to or subsequent to the separation; the parents' employment responsibilities; and the age and number of the children.

. . . .

f. The court shall specifically place on the record the factors which justify any custody arrangement not agreed to by both parents.

[(Emphasis added.)]

While the judge did not specifically list the factors enumerated in N.J.S.A. 9:2-4, most of the factors provided in the statute did not apply to this case and the statute provides a judge need not be limited by the enumerated factors. N.J.S.A. 9:2-4 requires judges

> to specifically place on the record the factors which justify any custody arrangement not agreed to by both parents. In contested cases, the necessity for such a record of the court's reasons is mandatory. The court, in reaching its decision, must specifically reference the statutory criteria found in [the statute].
>
> [Luedtke v. Shobert, 342 N.J. Super. 202, 218 (App. Div. 2001) (quotation marks and citations omitted).]

In modifying the parties' parenting time, the judge addressed the best interests in stating:

- [T]he parties agreed it's in the best interest of the minor child, . . . that both parents have joint physical custody.

12

- The [c]ourt finds . . . the child is . . . now going to school . . . and the [defendant] has located to South Jersey near enough so that they could have . . . time during the week.

- [M]odifying the [divorce] agreement such that the parties can have the joint physical custody as they had stated in the [divorce] agreement is certainly in the best interests of this young child . . . so that he can enjoy quality time with . . . both parents.

- This would enable both parents to enjoy alternating weekend time with their son. It would enable continuous contact between the son and both parents.

Thus, it is clear the judge believed the factors warranting modification of parenting time were that both parents agreed joint custody was in Jude's best interest and defendant's new residence near Jude's school enabled the parties to share more quality time with him. Given the nature of the parties' circumstances, the judge's statements on the record were adequate. Of course, parenting time is a fluid situation subject to change depending on new circumstances presently unforeseen.

To the extent that we have not discussed plaintiff's arguments raised on appeal, it is because they do not warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION