**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1187-19T2

ROBERT ROBERTELLI,

    Plaintiff-Appellant,

v.

MAXINE ROBERTELLI,

    Defendant-Respondent.

_____

Submitted December 14, 2020 – Decided January 15, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1429-15.

Snyder Sarno D'Aniello Maceri & Da Costa, LLC, attorneys for appellant (Joseph V. Maceri, of counsel and on the briefs; Michael J. Weil, on the briefs).

Belsole & Kurnos, LLC, attorneys for respondent (Roy E. Kurnos, on the brief).

PER CURIAM

Plaintiff Robert Robertelli and defendant Maxine Robertelli, now known as Maxine Baum, were married in 2004 and had three children before separating and ultimately divorcing in 2017. Pursuant to a custody and parenting time agreement (CPTA) executed during the litigation and incorporated into the dual final judgment of divorce, the parties agreed to equally share legal and physical custody of the children (the Robertelli children), ages ten, eight and five at the time of the divorce.

Plaintiff's sister, Sandra Robertelli, was married to Jack Spinella, and the couple had two children (the Spinella children), before separating and ultimately divorcing. A provision in the parties' 2018 judgment of divorce provided that Spinella's parenting time with the Spinella children would not be on the same weekend defendant exercised her parenting time with the Robertelli children. This restriction was to continue "through at least June 30, 2019."[1] Spinella has admittedly lived with defendant since 2018.

In August 2019, plaintiff filed a motion seeking to restrain defendant from exercising her weekend parenting time with the Robertelli children on the same

---

[1] For ease and clarity, we refer to the divorce litigation between Spinella and plaintiff's sister simply as the Spinella litigation.

weekends that Spinella exercised his weekend parenting time with the Spinella children.[2] He sought oral argument on the motion.

Plaintiff noted that Spinella had recently filed a motion seeking relief from the restriction in his judgment of divorce, and plaintiff's sister filed opposition, supported by a certification from plaintiff. In support of his motion, plaintiff asserted that he shared the same concern as his sister, namely, that "the change in schedule would be harmful to all the children." Plaintiff certified that the Robertelli children "expressed their own objections" to changing the current schedule, even though they and the "Spinella children have a loving relationship as first cousins, which is normal and should continue." Plaintiff asserted that "maintaining the current parenting time schedule prevents the children from being distressed, embarrassed, troubled and worried about a change to the . . . status quo[.]" Plaintiff implied that Spinella's motion was an attempt on defendant's part to have weekends together with Spinella and without either set of children.

Plaintiff cited a conversation with his oldest son, who said "being around his cousins during his mom's parenting time [was] 'weird,' mainly because . . .

---

[2] As of the filing of plaintiff's motion in August 2019, the Spinella children were ages seven and four.

the relationship now makes it appear . . . they are more like siblings rather than cousins." Plaintiff claimed that he was called to meet with his son's school counselor, to whom the son had expressed concerns about the situation. Plaintiff also asserted that Spinella was affirmatively trying to persuade the children to support the change in his parenting schedule.

Additionally, plaintiff certified that his daughter was concerned about any change in the weekend parenting time because "'she gets to spend more time with her mom the way it is now.'" His daughter expressed concerns that Spinella did not respect her privacy and had walked into the bathroom when she was showering. Nevertheless, despite these concerns, plaintiff acknowledged that the Robertelli children were excelling academically. In addition to seeking restraints, plaintiff asked that defendant be responsible for all costs associated with any "psychological expert" the judge might appoint, and he sought counsel fees.

Defendant opposed the motion. She noted that the CPTA did not prohibit her from exercising the same weekend parenting time as Spinella, and she asserted that after her divorce, and prior to the judgment of divorce in the Spinella litigation, all the children spent time together with her and Spinella. She claimed plaintiff's certification contained inadmissible hearsay statements

4

attributable to the children and noted plaintiff conceded the children were doing very well in school. Defendant requested the judge "defer to [the judge overseeing the Spinella litigation] as the relief" plaintiff requested was now being considered by that judge via Spinella's motion.

On October 1, 2019, the judge overseeing the Spinella litigation granted Spinella's request to modify his weekend parenting time schedule. In a written statement of reasons, the judge recounted the terms contained in the judgment of divorce, and a March 2019 post-judgment order that denied Spinella's request for modification. Although permitting Spinella and defendant to have the same weekend parenting time with all the children was "unconventional," the judge concluded the opposition was based on hearsay, and it acknowledged that the children were doing well. He found that all the children continue to meet at family gatherings anyway. The judge concluded "the children can[not] be kept from the reality of the situation" and there was no evidence "that the children's familial interactions are harmful." The judge said he could not "justify why the Spinella and Robertelli children can be together when they are with [plaintiff's sister and plaintiff], but not with their other set of parents ([Spinella and defendant])."

Less than one week later, on October 7, 2019, without oral argument, the judge considering plaintiff's motion entered an order denying all relief. In a written statement of reasons, he cited the order entered by the judge handling the Spinella litigation and quoted from that judge's statement of reasons. The judge wrote that plaintiff did not present any information the other judge failed to consider, and "f[ound] no reason to disagree with or disturb [the other judge's] findings and conclusions." Lastly, the judge cited a provision of the CPTA that required plaintiff and defendant to participate in at least one mediation session with an agreed mediator if they were unable to "reach an agreement regarding the time-sharing arrangements or other issues regarding the children[.]" The judge said that any failure to comply with this provision could result in the dismissal of the motion and the potential award of fees.

After plaintiff filed this appeal, the judge filed an amplification of reasons for his order that addressed why he did not grant plaintiff oral argument. See R. 2:5-1(b). The judge said the decision not to deny oral argument was a valid exercise of his discretion because the argument "would [not have] advance[d the court's] understanding of the issues"; furthermore, plaintiff failed to demonstrate "a change of circumstances" since entry of the CPTA or the judgment of divorce,

because the "parties were aware of defendant's relationship [with Spinella] when the divorce was entered and did not put any restrictions on visitation[.]"

Before us, plaintiff contends the judge mistakenly exercised his discretion by not granting oral argument and by denying a plenary hearing because of factual disputes apparent from his and defendant's certifications. Plaintiff further argues the judge erred in relying on facts not in the motion record, namely, the findings and conclusions reached by the judge in the Spinella litigation.

Defendant contends the judge properly dispensed with oral argument because "no evidence beyond the motion papers and record [was] necessary to make a decision." She also asserts the judge properly decided plaintiff failed to make a prima facie showing of the need for a plenary hearing, and the judge's "secondary reliance" on the judge's decision in the Spinella litigation was appropriate.[3]

---

[3] Defendant also seeks an award her counsel fees for plaintiff's "abuse of the [c]ourts." If that refers to the motion judge's denial of both parties' requests for counsel fees, the issue is not before us because plaintiff did not file a cross-appeal. If defendant requests counsel fees for services provided on appeal, the proper procedure is to move for that relief after we file our judgment. R. 2:11-4.

A-1187-19T2

Having considered these arguments, in light of the record and applicable legal standards, we reverse and remand for further proceedings consistent with this opinion.

Initially, while we are mindful of pressing motion schedules in the Family Part, it was a mistaken exercise of discretion for the judge to decide plaintiff's motion without according him oral argument. Rule 5:5-4(a) governs motion practice and provides "the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions and ordinarily deny requests for oral argument on calendar and routine discovery motions." See S.M. v. K.M., 433 N.J. Super. 552, 557 n.5 (App. Div. 2013) (noting requests for oral argument in the Family Part "should ordinarily be honored").

Oral argument is required "when significant substantive issues are raised and argument is requested." Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998)). "[D]enial of oral argument when a motion has properly presented a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court.'" Ibid. (quoting Mackowski, 317 N.J. Super. at 14). Nevertheless,

> [t]he discretion afforded by Rule 5:5-4(a) is designed
> to give the judge "the option of dispensing with oral

A-1187-19T2

argument . . . when no evidence beyond the motion papers themselves and whatever else is already in the record is necessary to a decision. In short, it is the sole purpose of these rules to dispense with what is regarded as unnecessary or unproductive advocacy."

[Ibid. (quoting Fusco v. Fusco, 186 N.J. Super. 321, 328-29 (App. Div. 1982)).]

The judge's supplemental statement of reasons demonstrated a full understanding of these principles.

In Palombi, however, we dealt with motions that did not raise substantive issues and were deficient on their face. Id. at 286–87. Here, appellant's motion was not deficient on its face and raised substantive issues. Indeed, we conclude the lack of argument contributed to the judge's mistaken impression that plaintiff failed to demonstrate a significant change in circumstances since execution of the CPTA in 2016 and its incorporation into the January 2017 judgment of divorce. In this regard, the judge reasoned the CPTA did not place restrictions on plaintiff's or defendant's weekend parenting time with the Robertelli children. While accurate, the judge's reasoning failed to consider that, although plaintiff knew of Spinella's relationship with defendant at the time of the divorce, by his own admission Spinella did not begin living with defendant in 2018. At the time of Spinella's divorce in 2018, he was constrained by court order from exercising

9

parenting time with the Spinella children at the same time defendant exercised parenting time with the Robertelli children.

Although the judge noted neither plaintiff nor his sister had any restrictions on having all the children in the same home in a single weekend, that was beside the point. Plaintiff clearly demonstrated significant changes in circumstances since his divorce that could potentially affect the children.

We also agree with plaintiff's second point, specifically, that it was error for the judge to rely on the findings and conclusions of the judge presiding over the Spinella litigation, and we conclude that oral argument may have dissuaded the judge's reliance on those findings and conclusions, even in part, when he decided plaintiff's motion.

"'[T]he best interests of the child' is the fundamental legal principle" guiding any decision regarding custody or parenting time. D.A. v. R.C., 438 N.J. Super. 431, 450 (App. Div. 2014) (quoting Kinsella v. Kinsella, 150 N.J. 276, 317–18 (1997)); see also Faucett v. Vasquez, 411 N.J. Super. 108, 118 (App. Div. 2009) ("The touchstone for all custody determinations has always been 'the best interest[s] of the child.'" (quoting Kinsella, 150 N.J. at 317)). Simply put, the focus of the judge's decision in the Spinella litigation was whether Spinella demonstrated "changed circumstances that affect[ed] the

A-1187-19T2

welfare of [the Spinella children]," <u>Hand v. Hand</u>, 391 N.J. Super. 102, 105 (App. Div. 2007), thereby meriting modification of Spinella's judgment of divorce. Although the Robertelli children were clearly implicated by the decision in the Spinella litigation, the issue plaintiff presented in his motion was whether the changed circumstances since his divorce were affecting the Robertelli children's welfare. Without oral argument, this distinction may not have been so readily apparent.[4]

We reverse and remand the matter so the judge may give plaintiff the benefit of orally arguing his motion. Based on the current record before us, however, we do not order the judge to conduct a plenary hearing for several reasons.

First, plaintiff's motion did not seek to limit defendant's weekend parenting time, but rather to restrict when it could be used. Even though plaintiff may have demonstrated changed circumstances since entry of the judgment of divorce, modification is only warranted if the moving party demonstrates "changed circumstances which would have an impact on the child's welfare." <u>Todd v. Sheridan</u>, 268 N.J. Super. 387, 398 (App. Div. 1993); <u>see also</u> <u>Costa v.</u>

---

[4] For the stated reasons, defendant's claim that the judge's order in the Spinella litigation was res judicata lacks sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Costa, 440 N.J. Super. 1, 4 (App. Div. 2015) (modification of custody order is a two-step process: proof of changed circumstances, followed by assessment of child's best interest).

The judge properly noted that plaintiff conceded all three of his children were excelling in school, and, the only adverse consequences of defendant and Spinella exercising simultaneous weekend parenting time were plaintiff's hearsay assertions of conversations he had with his children and, in one instance, a conversation in the presence of his son's school counselor. The fact that defendant's certification asserted different facts does not entitle plaintiff to a plenary hearing. Colca v. Anson, 413 N.J. Super. 405, 421–22 (App. Div. 2010). Simply put, "[n]ot every factual dispute that arises in the context of matrimonial proceedings triggers the need for a plenary hearing." Id. at 422 (quoting Harrington v. Harrington, 281 N.J. Super. 39, 47 (App. Div. 1995)).

"[A] plenary hearing is only required if there is a genuine, material and legitimate factual dispute." Segal v. Lynch, 211 N.J. 230, 264–265 (2012) (citations omitted). A party's conclusory certifications are usually insufficient. Faucett, 411 N.J. Super. at 128; compare with Mackowski, 317 N.J. Super. at 10 (parent's certification, supported by letters from his child, warranted plenary hearing); Dorfman v. Dorfman, 315 N.J. Super. 511, 517–18 (App. Div. 1998)

(mother's certification and school social worker's report of child's behavioral problems warranted plenary hearing). The assertions in plaintiff's certification were clearly inadequate as to the "genuine issue of fact . . . bearing upon [the] critical question[,]" here "the best interests of the [Robertelli] children[.]" Pfeiffer v. Ilson, 318 N.J. Super. 13, 14 (App. Div. 1999).

The second reason that we do not order the judge to hold a plenary hearing based on the record before us is because so much time has passed since entry of the October 2019 order. We have no idea what, if anything, has transpired with these families since. On remand, we leave it to the judge's sound discretion whether to permit plaintiff and defendant to supplement their submissions before he hears oral argument.

Lastly, the judge's initial statement of reasons noted that the CPTA specifically required both parties to participate first in a mediation session to resolve all disputes involving the children. At the time plaintiff's motion was decided, the judge noted the failure to conduct such a session was grounds for denial of the motion. It is not entirely clear from the record whether any mediation took place before plaintiff's motion was filed, but neither his nor defendant's certification stated that one occurred, and we do not know if a mediation session has taken place since October 2019. We do not suggest by

our reversal that the judge is limited in his disposition of plaintiff's motion on remand should he conclude that plaintiff violated the CPTA without justification and neither the best interests of the children or other equitable principles compel the judge to decide the motion without the parties participating in mediation beforehand.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1187-19T2